**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RODOLFO GUTIERREZ HERNANDEZ,**
**Petitioner,**

**v.** **Case No. 26-cv-1274**

**DALE J. SCHMIDT,**
**Respondent.**[1]

---

## ORDER

On July 21, 2026, petitioner Rodolfo Gutierrez Hernandez filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition indicates that he has been detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement since early July. He alleges that he is properly categorized under 8 U.S.C. § 1226(a), rather than § 1225(b)(2), so his continued detention without an individualized assessment that he poses a flight risk or a danger to the community violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.

On July 23, 2026, I ordered the respondent to show cause why the petition should not be granted within ten days. ECF No. 3. Respondent answered on August 3, 2026. ECF No. 4. Petitioner replied on August 14, 2026.[2] ECF No. 5.

---

[1] Respondent aptly notes that the only proper respondent is Dale J. Schmidt, Sheriff of Dodge County and custodian of all inmates housed at Dodge County Detention Facility, including petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, I will order the clerk to terminate all other respondents.

[2] The reply was due five days after the answer, or by August 8, 2026. ECF No. 3 at 2. Nonetheless, I will consider the reply timely filed, although it has done little to influence my decision.

However, between the time the petition was filed and the respondent answered, the Seventh Circuit issued an opinion holding that a non-citizen who is present in the United States without admission, but who is not seeking admission because they are categorically inadmissible, is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore is eligible for a bond hearing under 8 U.S.C. § 1226(a). *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026). Much like the petitioner in *Cirrus Rojas*, petitioner in this case is a Mexican national who entered the United States without inspection in or about 2004. ECF No. 1 ¶ 16. He has never been convicted of any crimes in the two-plus decades he has lived in the United States and has been a forklift driver for the last fifteen years in Sussex, Wisconsin. *Id*. ¶ 22. He also has three adult United States citizen children. *Id*. Under *Cirrus Rojas*, petitioner is an "applicant for admission" but is not "seeking admission" because he is already present in the United States—and has been for some time. In his answer, respondent acknowledges that the Seventh Circuit's *Cirrus Rojas* decision means that petitioner is entitled to a custody redetermination hearing in immigration court. ECF No. 4 at 2.

Respondent, however, argues that in light of this new Seventh Circuit precedent petitioner has now failed to exhaust administrative remedies and I should require him to do so. *Id*. In his petition, petitioner argued that exhaustion of administrative remedies was unnecessary because it was futile under the immigration court's existing precedent. ECF No. 1 ¶ 29. Furthermore, petitioner raised constitutional claims which immigration judges and the Board of Immigration Appeals are unable to adjudicate. *Id*. ¶ 30. Respondent appears to agree that at the time the petition was filed, exhaustion was unnecessary. ECF No. 4 at 2. However, under *Cirrus Rojas*, respondent contends that if petitioner now

moved the immigration court for a hearing, he would receive one. *Id*. at 3. Moreover, habeas petitioners are generally required to exhaust administrative remedies and the immigration court is fit to consider the administrative remedy—namely, a motion for bond redetermination. *Id*.

I am not the first member of the federal judiciary to face this question, nor is the Seventh Circuit the first appellate court to issue a decision causing immigration courts to change their course. After the Second Circuit issued an opinion similar to *Cirrus Rojas*,[3] one district court in the Second Circuit held that petitioner was now required to exhaust his administrative remedies before submitting a petition because seeking administrative remedy was no longer futile. *Yosepf Batista v. Genalo*, No. 1:26-cv-05408-MKV, 2026 WL 2169849, at *4–5 (S.D.N.Y. July 28, 2026). However, the vast majority of district courts in the Second Circuit did not require administrative exhaustion following the Second Circuit decision.[4] When the Eleventh Circuit joined the Second Circuit,[5] Eleventh Circuit district judges uniformly held that petitioners who filed a petition before that opinion were not required to exhaust administrative remedies.[6] In contrast, Sixth Circuit district

---

[3] The Second Circuit opinion is *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).

[4] *See, e.g., Pastrana-Beltran v. Mullin*, No. 26-CV-2657 (RER), 2026 WL 1398609, at *3 (E.D.N.Y. May 19, 2026) (agency cannot adjudicate constitutional claim); *Curimilama Quille v. Blanche*, No. 26-CV-2818 (HG), 2026 WL 1453889, at *5 n.5 (E.D.N.Y. May 22, 2026) (petitioner not required to exhaust because process was deficient from the outset and petitioner raised a substantial constitutional question); *D.D.T. v. Maldonado*, No. 26-CV-3245 (OEM), 2026 WL 1662730, at *2 (E.D.N.Y. June 9, 2026) ("post-deprivation review in the form of a bond hearing and appellate review of that bond determination is inadequate to remedy a detention that is unlawful from its inception"); *Rivas Reyes v. Mullin*, No. 26 CIV. 4334 (PAE), 2026 WL 1707170, at *4 n.2 (S.D.N.Y. June 12, 2026) (noting simply that exhaustion is not strictly required).

[5] The Eleventh Circuit opinion is *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026).

[6] *See, e.g., Lopez Bartolo v. Mullin,* No. 2:26-CV-1247-KCD-NPM, 2026 WL 1309028, at *1 n.2 (M.D. Fla. May 13, 2026) (petitioner not required to exhaust administrative remedy that was futile when petition was filed); *Ortega v. Bondi*, No. 26-CV-20903, 2026 WL 1361622, at *2 (S.D. Fla. May 15, 2026) (same); *Garcia Lopez v. Liberty County Sheriff*, No. 4:26-CV-185-AW-MAF, 2026 WL 2174998, at *1 (N.D. Fla. May 20, 2026) (same); *Lainez v. Rhoden*, No. 3:26-CV-241-JEP-PDB, 2026 WL 1541267, at *1 n.1 (M.D. Fla. June 2, 2026) (same).

judges are evenly split on whether to require administrative exhaustion for petitions filed before the Sixth Circuit's *Cirrus Rojas* equivalent.[7] Finally, when the Tenth Circuit joined these circuits,[8] Tenth Circuit district judges uniformly held that petitions filed before the new opinion were not required to exhaust administrative remedies.[9] To my knowledge, only one Seventh Circuit district court has ruled on the new exhaustion issue, and it held that exhaustion was now required before pursuing a remedy through a petition for habeas corpus. *Hernandez Melchi v. Swearingen*, No. 2:26-CV-00488-JRO-MKK, 2026 WL 2279391, at *3 (S.D. Ind. Aug. 7, 2026).

When an immigration detainee files a petition for habeas corpus under 28 U.S.C. § 2241 to challenge his detention, exhaustion is not statutorily mandated. *Gonzales v. O'Connel*, 355 F.3d 1010, 1016 (7th Cir. 2004). However, there is a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992), *superseded by*

[7] The Sixth Circuit opinion is *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026). *Compare Angarita-Badia v. Raycraft*, No. 1:26-CV-1476, 2026 WL 1469255, at *3 (W.D. Mich. May 26, 2026) (administrative exhaustion no longer futile and thus required); *Cevallos v. Raycraft*, No. 1:26-CV-1240, 2026 WL 1473788, at *3 (W.D. Mich. May 27, 2026) (same); *Fajardo v. Raycraft*, No. 1:26-CV-1245, 2026 WL 1551744, at *3 (W.D. Mich. June 2, 2026) (same); *with Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *14 (N.D. Ohio May 15, 2026) (exhaustion excused because of concerns related to timeliness of relief); *Landeros Quintero v. Bullock*, No. 2:26-CV-02511-SHL-CGC, 2026 WL 1382323, at *1 (W.D. Tenn. May 18, 2026) (petition fit for prompt resolution and exhaustion futile because administrative relief unlikely to be meaningful or timely); *Hoque v. Hill*, No. CV 26-197-DLB, 2026 WL 1418488, at *2 n.3 (E.D. Ky. May 20, 2026) (citing the possibility that *Lopez-Campos* could be appealed as excuse for exhaustion).

[8] The Tenth Circuit opinion is *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250 (10th Cir. 2026).

[9] *See, e.g., Espinoza Felizola v. Mullin*, No. CIV-26-591-J, 2026 WL 2085823, at *3 (W.D. Okla. July 9, 2026), *report and recommendation adopted in part, rejected in part*, No. CIV-26-591-J, 2026 WL 2085824 (W.D. Okla. July 20, 2026) (no express exhaustion requirement); *Martinez Laguna v. Leyva*, No. 2:26-CV-00607-JNP, 2026 WL 1998746, at *3 (D. Utah July 10, 2026) (exhaustion not required because constitutional issue raised); *Miranda v. Mullin*, No. CIV-26-1004-D, 2026 WL 2030830, at *3 (W.D. Okla. July 14, 2026) (exhaustion prudential not jurisdictional); *Bangemu v. Gantt*, No. CIV-815-D, 2026 WL 2323601, at *3 (W.D. Okla. July 30, 2026), *report and recommendation adopted*, No. CIV-26-815-D, 2026 WL 2329865 (W.D. Okla. Aug. 11, 2026) (same).

*statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81 (2006)). The doctrine of administrative exhaustion is rooted in recognition that Congress has empowered agencies to administer certain programs and, thus, agencies have special expertise in those programs. *McCarthy*, 503 U.S. at 145. It also permits agencies to have the first opportunity to correct mistakes and promotes judicial efficiency by potentially mooting judicial controversies. *Id*. Nonetheless, when there is no statutory exhaustion requirement, "sound judicial discretion governs." *Id*. at 144.

> Exhaustion may be excused when:
>
> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzales*, 355 F.3d at 1016. When petitioner filed the instant action, exhaustion was excused because it was futile. The Immigration Courts in the Seventh Circuit were applying *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), under which petitioner was categorically ineligible for bond. As respondent notes, this is no longer true.[10]

I agree with the numerous district courts who have found the exhaustion requirement excusable at this juncture. I see no reason for administrative exhaustion, which will only delay the inevitable: that petitioner should be afforded a bond hearing. Although this unreasonable delay is enough on its own to excuse the lack of exhaustion,

[10] Petitioner's reply does not directly address the issue of exhaustion and, instead, merely asserts that "the [Board of Immigration Appeals] and immigration judges have routinely attempted to curtail the issuance of bonds to foreign nationals thereby creating potential due process violations." ECF No. 5 at 1. Therefore, petitioner requests immediate release.

I also agree with other courts who have noted that it only matters whether administrative exhaustion was futile at the *inception* of the action. Petitioner should not be penalized merely because the legal landscape around him has changed while he took the only action reasonably available to him at the time. Therefore, I find that the exhaustion requirement is excused in this instance.

However, I will not order petitioner's immediate release or adjudicate petitioner's bond myself as requested because this falls beyond the scope of my jurisdiction. The Immigration and Naturalization Act ("INA") is clear: I may not review the Attorney General's discretionary judgment regarding the application of Section 1226, including bond proceedings. 8 U.S.C. § 1226(e). Furthermore, the Supreme Court has unmistakably held that I may not review a challenge to the decision as to whether to detain a noncitizen in immigration proceedings, only the statutory framework used to determine detention. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). *See also Lopez de la Cruz v. Schmidt*, No. 25-CV-1562, 2025 WL 5095296, at *2–3 (E.D. Wis. Nov. 19, 2025). Whether to grant bond is ultimately within the discretion of the Attorney General and, consequently, the immigration courts. I can only direct the courts to use the appropriate statutory framework. Under *Cirrus Rojas*, petitioner is properly categorized as a detainee subject to 8 U.S.C. § 1226(a) and must be afforded a bond hearing pursuant to that statutory framework. Put another way, petitioner is clearly entitled to a bond hearing, but he is not entitled to release or any particular outcome from the bond hearing.

Finally, respondents ask me to address who the evidentiary burden falls upon in a bond proceeding. ECF No. 4 at 3. Petitioner does not discuss this issue in his reply. Although I previously ruled that the government held the burden to prove that a detainee

is either a flight risk or dangerous to the public, *Calvette Chirinos v. Olson*, No. 26-CV-369, 2026 WL 1724667, at *8 (E.D. Wis. June 12, 2026), the Seventh Circuit has clarified that petitioner bears the evidentiary burden to show that he is not a flight risk or dangerous to the public, *Cirrus Rojas*, 2026 WL 2198315, at *4. I also find respondent's request that petitioner be required to file a bond motion with the Executive Office for Immigration Review reasonable. ECF No. 4 at 3. I will not, however, give the immigration courts unfettered discretion as to when to conduct a bond hearing. I have already explained my concern that this process will take longer than is reasonable. Therefore, I will require that petitioner be afforded a bond hearing within 10 days of this order, as has been my custom.

**IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner shall be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten (10) days of this order. Petitioner must file a bond motion with the Executive Office for Immigration Review. At the bond hearing, petitioner shall bear the evidentiary burden to show he is not a flight risk by a preponderance of the evidence or a danger to the community by clear and convincing evidence.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO RULE** on petitioner's motion for bond (ECF No. 6).

**IT IS FURTHER ORDERED** that the Clerk of Court terminate all respondents except Warden Dale J. Schmidt.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge